NO. 07-05-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 28, 2006

_____

JUAN ANTONIO BACA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 48,664-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Juan Antonio Baca has given notice of appeal from a conviction and sentence in cause number 48,664-B in the 181st District Court of Potter County, Texas (the trial court), for Aggravated Assault with a Deadly Weapon, Enhanced.  The clerk of this court received and filed the trial court clerk's record on July 15, 2005, and the reporter's record on August 1, 2005.  However, the parties' brief has raised a disagreement as to the accuracy of the reporter's record, Rep. Rec. Vol. 3 at 194-195, regarding the presence of the jury during an exchange between the trial court judge and trial counsel.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 34.6(e)(3). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether the parties can agree to a correction of the reporter's record without the need for the court reporter's recertification of the record; and (2) if the parties are unable to agree as to the correction of the record, the trial court is to order the court reporter to conform the reporter's record to what occurred during trial and to certify the corrected record.

The trial court is directed to: (1) conduct any necessary hearings; (2) direct the court reporter to file a corrected reporter's record of the trial proceedings; (3) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (4) cause the hearing proceedings to be transcribed and included in a reporter's record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the corrected reporter's report of the trial, the supplemental clerk's record, the reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than March 27, 2006. TEX. R. APP. P. 35.3(c).

So ordered.

Per Curiam

Do not publish.

2